**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Senator RICHARD BLUMENTHAL<br>706 Hart Senate Office Building<br>Washington, D.C. 20510,<br><br>Senator SHELDON WHITEHOUSE<br>530 Hart Senate Office Building<br>Washington, D.C. 20510,<br><br>Senator MAZIE K. HIRONO<br>730 Hart Senate Office Building<br>Washington, D.C. 20510,<br><br>       Plaintiffs,<br><br>    v.<br><br>MATTHEW G. WHITAKER, in his official<br>capacity as purported Acting Attorney<br>General of the United States,<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530,<br><br>DONALD J. TRUMP, in his official<br>capacity as President of the United States,<br>1600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20500,<br><br>       Defendants. | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Senators Richard Blumenthal, Sheldon Whitehouse, and Mazie K. Hirono, for their

complaint against Matthew G. Whitaker, in his official capacity as purported Acting Attorney

General, and Donald J. Trump, in his official capacity as President of the United States, allege as follows:

**INTRODUCTION**

1.       Plaintiffs, members of the U.S. Senate and its Committee on the Judiciary, bring this action against Matthew G. Whitaker and President Donald J. Trump to obtain relief from their violation of the Appointments Clause of the U.S. Constitution through President Trump's designation of Mr. Whitaker as Acting Attorney General.

2.       The constitutional requirement that principal federal Officers be appointed only with the Senate's "Advice and Consent," U.S. Const. art. II, § 2, cl. 2, was adopted by our nation's Founders as an important check on the power of the President. Recognizing that giving the President the "sole disposition of offices" would result in a Cabinet "governed much more by his private inclinations and interests" than by the public good, and could result in the appointment of Officers who had "no other merit than that of . . . possessing the necessary insignificance and pliancy to render them the obsequious instruments of his pleasure," *The Federalist No. 76*, at 457-58 (Alexander Hamilton) (Clinton Rossiter ed., 1961), the Framers of the Constitution provided that the President "shall nominate, *and by and with the Advice and Consent of the Senate*, shall appoint . . . all . . . Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law." U.S. Const. art. II, § 2, cl. 2 (emphasis added). The Framers saw that requirement as "an excellent check upon a spirit of favoritism in the President," which "would tend greatly to prevent the appointment of unfit characters from State prejudice, from family connection, [and] from personal attachment." *The Federalist No. 76*, at 457 (Alexander Hamilton) (Clinton Rossiter ed., 1961).

3.       The Attorney General is the chief law enforcement officer of the United States and

is vested with enormous power, including the authority to oversee and direct other Senate-confirmed officials. On November 7, 2018, after months of signaling his displeasure with Attorney General Jeff Sessions over a perceived lack of personal loyalty, Defendant President Trump asked for his resignation. Although the Department of Justice (DOJ) succession statute provides that "[i]n case of a vacancy in the office of Attorney General . . . the Deputy Attorney General may exercise all the duties of that office," 28 U.S.C. § 508(a), the President designated Defendant Matthew G. Whitaker to serve as Acting Attorney General, purportedly pursuant to a provision of the Federal Vacancies Reform Act of 1998 (FVRA), 5 U.S.C. § 3345(a)(3). As Acting Attorney General, Mr. Whitaker will be able to exercise all of the powers and authorities possessed by the Attorney General, *id.*, for as many as 210 days, and potentially many more, *see id.* § 3346(a), (b).

4.      The U.S. Senate has not consented to Mr. Whitaker serving in *any* office within the federal government, let alone the highest office of the DOJ.[1] Indeed, before deciding whether to give their consent to Mr. Whitaker serving in such a role, Plaintiffs and other members of the Senate would have the opportunity to consider his espoused legal views, his affiliation with a company that is under criminal investigation for defrauding consumers, and  his public comments criticizing and proposing to curtail ongoing DOJ investigations that implicate the President. Mr. Whitaker would not be able to serve as a principal Officer—and exercise the functions and duties of such an office—until he made the disclosures required of a nominee, answered Senators' questions, and convinced a majority of the Senate's members to give their consent to his confirmation.

---

[1] While Mr. Whitaker received Senate confirmation to serve as United States Attorney for the Southern District of Iowa fifteen years ago, he resigned that position in 2009.

5.      Because the Senate has not consented to Mr. Whitaker serving as an Officer of the United States, his designation by the President to perform the functions and duties of the Attorney General violates the Appointments Clause. *See NLRB v. SW Gen., Inc.*, 137 S. Ct. 929, 946 (2017) (Thomas, J., concurring) ("Appointing principal officers under the FVRA . . . raises grave constitutional concerns because the Appointments Clause forbids the President to appoint principal officers without the advice and consent of the Senate."). Indeed, if allowed to stand, Mr. Whitaker's appointment would create a road map for the evasion of the constitutionally prescribed Senate advice-and-consent role.

6.      Moreover, because the DOJ succession statute provides that if the Attorney General's office is vacant the Deputy Attorney General "may exercise all the duties of that office," 28 U.S.C. § 508(a), and the position of Deputy Attorney General is currently filled, Mr. Whitaker's appointment also violates that provision of federal law. While President Trump has cited the FVRA in designating Mr. Whitaker to serve as Acting Attorney General, that statute does not apply here because of the DOJ succession statute.

7.      Plaintiffs are sitting U.S. Senators who were denied the right to vote guaranteed to them by the Appointments Clause. They bring this lawsuit to ask the Court to remedy that injury and vindicate their ability to fulfill their constitutional role.

## PARTIES

8.      Plaintiff Richard Blumenthal is a U.S. Senator and member of the U.S. Senate Committee on the Judiciary. In that capacity, he voted on the nominations of, among others, Jeff Sessions to serve as Attorney General of the United States and Rod Rosenstein to serve as Deputy Attorney General.

9.      Plaintiff Sheldon Whitehouse is a U.S. Senator and member of the U.S. Senate Committee on the Judiciary. In that capacity, he voted on the nominations of, among others, Jeff Sessions to serve as Attorney General of the United States and Rod Rosenstein to serve as Deputy Attorney General.

10.     Plaintiff Mazie K. Hirono is a U.S. Senator and member of the U.S. Senate Committee on the Judiciary. In that capacity, she voted on the nominations of, among others, Jeff Sessions to serve as Attorney General of the United States and Rod Rosenstein to serve as Deputy Attorney General.

11.     As members of the U.S. Senate, Plaintiffs have been entrusted by the Constitution with the important role of determining whether to give their consent to the appointment of principal Officers of the United States.

12.     Defendant Matthew G. Whitaker is an employee of the DOJ holding himself out to be the Acting Attorney General of the United States.

13.     Defendant Donald J. Trump is the President of the United States. He designated Mr. Whitaker to perform the functions and duties of the Attorney General, even though the Senate has not given Mr. Whitaker its consent to serve in that role or, indeed, in any role in the federal government.

## JURISDICTION AND VENUE

14.     This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 & 2201.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391. The District of Columbia is a judicial district in which the "defendant in the action resides" and in which "a substantial part of the events or omissions giving rise to the claim occurred." See *id.* § 1391(e)(1).

**LEGAL BACKGROUND**

16.     The Appointments Clause of the Constitution provides that the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const. art II, § 2, cl 2. The Attorney General is a "principal" (rather than "inferior") Officer, and thus the Appointments Clause requires that the person holding that office be appointed by the President "with the Advice and Consent of the Senate." *Id.*

17.     Against the backdrop of the Constitution's requirement that principal Officers be appointed by the President with the Advice and Consent of the Senate, Congress enacted the DOJ succession statute to identify who should serve as Attorney General in the event of a vacancy. Congress provided: "In case of a vacancy in the office of Attorney General . . . the Deputy Attorney General may exercise all the duties of that office." 28 U.S.C. § 508(a). And if "neither the Attorney General nor the Deputy Attorney General is available to exercise the duties of the office of Attorney General," then "the Associate Attorney General shall act as Attorney General." *Id.* § 508(b). Both the Deputy Attorney General and the Associate Attorney General are Senate-confirmed officials.

18.     In 1998, Congress passed the FVRA, providing that the President may, in some circumstances, fill executive branch vacancies on a temporary basis. Under the FVRA, when a federal Officer "dies, resigns, or is otherwise unable to perform the functions and duties of the office," the "first assistant to the office of such officer shall perform the functions and duties of

the office temporarily in an acting capacity," subject to certain time limits. 5 U.S.C. § 3345(a). Two provisions of the FVRA allow the President to direct other specified classes of individuals to perform those functions and duties in lieu of the first assistant, *id*. § 3345(a)(2), (a)(3), and President Trump has relied on one of those provisions in designating Mr. Whitaker to perform the functions and duties of Attorney General, *see id.* § 3345(a)(3). That provision, however, does not allow presidents to override the specific order of succession set forth in the DOJ succession statute—both for reasons of statutory interpretation and because President Trump's interpretation, as applied here, would violate the Constitution's Appointments Clause.

## FACTUAL ALLEGATIONS

**A.      Defendants' Violation of the Appointments Clause**

19.      Over the course of several months, President Trump made publicly known his displeasure with the service of Attorney General Jeff Sessions, citing Mr. Sessions' perceived lack of personal loyalty to the President.[2] According to public reports, the White House has been working on a plan to fire Mr. Sessions and install Mr. Whitaker in his place since at least September 2018.[3]

20.      On November 7, 2018, the President asked Mr. Sessions to resign. Even though Deputy Attorney General Rod Rosenstein, who would be Acting Attorney General under the DOJ succession statute, is available to exercise the functions and duties of the office of Attorney General, President Trump announced, via Twitter, that Mr. Whitaker would instead be serving as

---

[2] Margaret Hartman, *The Complete History of President Trump's Feud with Jeff Sessions*, NY Mag: Intelligencer (Nov. 7, 2018), http://nymag.com/intelligencer/2018/11/history-trump-jeff-sessions-feud.html.

[3] *See* Adam Goldman, Michael D. Shear, & Mitch Smith, *Matthew Whitaker: An Attack Dog with Ambition Beyond Protecting Trump*, N.Y. Times (Nov. 9, 2018), https://www.nytimes.com/2018/11/09/us/politics/matthew-whitaker-acting-attorney-general.html.

Acting Attorney General. *See* Donald J. Trump (@realDonaldTrump), Twitter (Nov 7, 2018, 11:44 AM), https://twitter.com/realDonaldTrump/status/1060256619383193601.

21.     Although the U.S. Senate has not given its consent to Mr. Whitaker serving as Attorney General (or as any principal Officer of the United States), Mr. Whitaker is exercising the functions and duties of that office.

22.     On November 14, 2018, the DOJ Office of Legal Counsel issued a memorandum explaining its conclusion—apparently reached on some unspecified previous date—that the designation of Mr. Whitaker to serve as Acting Attorney General does not violate the Appointments Clause or applicable statutes.[4] The memo relies heavily on the Supreme Court's statement in *United States v. Eaton*, 169 U.S. 331 (1898), that when a "subordinate officer is charged with the performance of the duty of the superior for a limited time, and under special and temporary conditions, he is not thereby transformed into the superior and permanent official." *Id.* at 343. But the memo does not explain why the conditions surrounding Mr. Whitaker's appointment qualify as special or exigent. Nor does it explain a key assumption underlying the memo's analysis—that there exists an office of Acting Attorney General different from the office of Attorney General, even though all its duties and responsibilities are the same.

23.     On November 17, 2018, President Trump told reporters that while he is close to nominating someone to serve as Ambassador to the United Nations, a post which Ambassador Nikki Haley still occupies and expects to vacate by the end of the year, he is not close to submitting an Attorney General nomination to the Senate because he is happy with Mr. Whitaker.[5]

---

[4] Steven A. Engel, Assistant Attorney General, Office of Legal Counsel, *Designating an Acting Attorney General: Memorandum for Emmet T. Flood, Counsel to the President* (Nov. 14, 2018), https://assets.documentcloud.org/documents/5113265/OLC-Acting-AG-memo.pdf.

[5] *See* Geoff Bennett (@GeoffRBennet), Twitter (Nov. 17, 2018, 4:50 AM), https://twitter.com/GeoffRBennett/status/1063776503169802240.

24.     Had Mr. Whitaker been nominated to serve as a principal Officer within the DOJ, members of the Senate would have had the opportunity to consider numerous aspects of Mr. Whitaker's background that might bear on their decision about whether to consent to his confirmation.

25.     For example, Senators would have had the opportunity to consider Mr. Whitaker's criticism of the two active federal law enforcement matters involving President Trump, his campaign, and his close associates, including the investigation currently being conducted by Special Counsel Robert Mueller into whether those associated with Mr. Trump's presidential campaign—including the President and members of his family—cooperated with Russian efforts to interfere in the 2016 presidential election, and whether the President or others have attempted to obstruct the investigation. Mr. Whitaker has been a vocal and frequent critic of the Mueller investigation. Despite the ongoing nature of the investigation into possible coordination between the Trump campaign and the Russian government, as well as possible obstruction of justice, Mr. Whitaker has made public statements denying that the President or his associates engaged in such obstruction of justice or in a conspiracy with the Russian government.[6]  And despite having made

---

[6] *See, e.g.*, Matthew Whitaker, *Mueller's Investigation of Trump Is Going Too Far*, CNN (Aug. 6, 2017), https://www.cnn.com/2017/08/06/opinions/rosenstein-should-curb-mueller-whittaker-opinion/index.html; Devlin Barrett, Matt Zapotosky, & Josh Dawsey, *Jeff Sessions Forced Out as Attorney General*, Wash. Post (Nov. 7, 2018), https://www.washingtonpost.com/world/national-security/attorney-general-jeff-sessions-resigns-at-trumps-request/2018/11/07/d1b7a214-e144-11e8-ab2c-b31dcd53ca6b_story.html?utm_term=.39fa647ae511; Andrew Prokop, *The Many Scandals of Trump's New Acting Attorney General Matt Whitaker, Explained*, Vox (Nov. 14, 2018), https://www.vox.com/2018/11/13/18087560/matt-whitaker-mueller-trump-sessions. Notably, Mr. Whitaker even publicly distributed and characterized as "worth a read" a *Politico* article describing how the President could use the FVRA to avoid "sparking a messy confirmation process" to replace Mr. Sessions, and how Mr. Sessions' replacement could "engineer Mueller's firing or otherwise limit his work." Eric Columbus, *Could Trump Fire Mueller? It's Complicated*, Politico (Aug. 3, 2017), https://www.politico.com/magazine/story/2017/08/03/could-trump-fire-mueller-its-complicated-215453; *see* Rebecca

those statements, Mr. Whitaker has not recused himself from supervision of these two investigations.

26.     Notably, a number of Senators have expressed their belief that the Mueller investigation should be allowed to continue without interference, and that a nominee's views on the investigation would affect their decision on whether to consent to his or her confirmation.[7]

---

Morin, *New Acting A.G. Criticized Mueller Probe Several Times*, Politico (Nov. 7, 2018), https://www.politico.com/story/2018/11/07/matthew-whitaker-criticized-mueller-probe-973204.

[7] For example, in late August 2018, Senator Lindsey Graham (R-SC), said in an interview that "[n]obody is going to take Jeff [Sessions]'s place that doesn't commit to the Senate and the country as a whole that Mueller will be allowed to finish his job without political interference." *See* John Wagner & Gabriel Pogrund, *Lindsey Graham Says Any New Attorney General Must Let Mueller Finish His Job*, Wash. Post (Aug. 28, 2018), https://www.washingtonpost.com/powerpost/lindsey-graham-says-any-new-attorney-general-must-let-mueller-finish-his-job/2018/08/28/0b94dd60-aab5-11e8-b1da-ff7faa680710_story.html?utm_term=.062a4c2b35bc. Senator Graham has repeatedly reiterated that sentiment since. Burgess Everett & Eliana Johnson, *GOP Senators: No Sessions Replacement Could Get Confirmed*, Politico (Sept. 12, 2018), https://www.politico.com/story/2018/09/12/jeff-sessions-replacement-trump-818266;   Burgess Everett & Eliana Johnson, *GOP Pushes Trump for New Attorney General Amid Mueller Uproar*, Politico (Nov. 16, 2018), https://www.politico.com/story/2018/11/16/matthew-whitaker-mueller-senate-republicans-995056. In mid-September 2018, a spokesman for Senator Ben Sasse (R-NE) said that Senator Sasse "finds it difficult to envision a circumstance where he would confirm a successor to Attorney General Sessions if he is fired for faithfully executing his job. Attorney General Sessions has allowed Mr. Mueller to do his work, and Sen. Sasse believes that's the way it should be." Everett & Johnson, *supra*. And earlier this month, in a statement on the termination of Mr. Sessions, Senator Lamar Alexander (R-TN) emphasized that "no new Attorney General can be confirmed who will stop [the Special Counsel's] investigation." *See* Barrett, Zapotosky, & Dawsey, *supra*. And Senator John Cornyn (R-TX) said that he "can't imagine" the Senate would confirm a new Attorney General absent a commitment that he or she would not interfere with the Special Counsel's investigation. Al Weaver & Kelly Cohen, *Mum on Jeff Sessions' Ouster, Republican Lawmakers Want Robert Mueller To Finish the Job*, Wash. Examiner (Nov. 14, 2018), https://www.washingtonexaminer.com/news/mum-on-jeff-sessions-ouster-republican-lawmakers-want-robert-mueller-to-finish-the-job. Senator James Lankford (R-OK) too has commented that "[w]however is going to be there [as Attorney General] would have to make clear statements about what they intend to do on the special counsel." Everett & Johnson, *supra*. Moreover, since the announcement of Mr. Whitaker's designation, Senator Susan Collins (R-ME), Senator Jeff Flake (R-AZ), Senator-elect Mitt Romney (R-UT), and numerous other Senators have also expressed concern that Mr. Whitaker might try to interfere with the investigation or articulated their belief that the Mueller investigation should be able to continue without interference. *See* Press Release, Susan Collins, United States Senator for Maine, *Senator Collins' Statement on Legislation To Protect the Special Counsel's Investigation* (Nov. 9, 2018),

27.      Senators also could consider public comments Mr. Whitaker has made about the proper interpretation of the Constitution and other legal matters. For instance, Mr. Whitaker has suggested that the judiciary should not be "the final arbiter of constitutional issues," which runs directly counter to centuries of established law concerning our Constitution's separation of powers, *see Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803).[8] He also has said that states should be able to "nullify" federal law,[9] an idea the Framers of the Constitution rejected when they adopted the Supremacy Clause, which makes federal law "the supreme Law of the Land." U.S. Const. art. VI, cl. 2.

28.      Senators also could consider that Mr. Whitaker was on the board of a company that allegedly defrauded consumers and is under investigation by the FBI, which is part of the very Department that Mr. Whitaker has been designated to lead. From October 2014 until shortly before he joined the DOJ, Mr. Whitaker was a member of the advisory board of World Patent Marketing, a company that promised clients it would patent and market their ideas for a sizable fee. Yet the company allegedly took clients' money—amounting to millions of dollars—and provided almost

---

https://www.collins.senate.gov/newsroom/senator-collins%E2%80%99-statement-legislation-protect-special-counsel%E2%80%99s-investigation; Elana Schor, *Flake, Coons Push for Vote on Mueller Protection Bill*, Politico (Nov. 8, 2018), https://www.politico.com/story/2018/11/08/flake-coons-mueller-protection-bill-978362; Mitt Romney (@MittRomey), Twitter (Nov. 7, 2018, 2:22 PM), https://twitter.com/MittRomney/status/1060296443611598848; Brent D. Griffiths, *Democrats Vow To Tighten the Screws on Whitaker*, Politico (Nov. 11, 2018), https://www.politico.com/story/2018/11/11/democrats-whitaker-trump-investigation-982957; Hope Yen & Mary Clare Jalonick, *Schumer: Dems Set To Push Bill Protecting Mueller Probe*, Associated Press (Nov. 11, 2018), https://www.apnews.com/9f4dd201d7934877853cebc22ca14f5c.

[8] *See* Charlie Savage, *Acting Attorney General Matthew G. Whitaker Once Criticized Supreme Court's Power*, N.Y. Times (Nov. 8, 2018), https://www.nytimes.com/2018/11/08/us/politics/matthew-whitaker-courts-inferior.html.

[9] *See* Andrew Kaczynski, *Whitaker Said He Supports State's Rights To Nullify Federal Law*, CNN (Nov. 10, 2018), https://www.cnn.com/2018/11/09/politics/matthew-whitaker-nullification/index.html.

no services in return. Earlier this year, the company was ordered by a court to pay more than $25 million to the consumers who were defrauded. The FBI is also conducting a criminal investigation of the company's conduct. Both the court order and the criminal investigation relate to conduct that occurred while Mr. Whitaker was on the company's board.[10]

29.     Finally, Senators could consider Mr. Whitaker's contacts with the White House regarding specific enforcement matters—serving as the White House's "eyes and ears" within the DOJ, according to White House Chief of Staff John Kelly—in violation of policies governing contacts between the DOJ and the White House.[11]

30.     It is precisely so that matters like these can be thoroughly examined by Senators that the Constitution prohibits the appointment of principal federal Officers without the Senate's advice and consent. That safeguard, the Framers recognized, helps prevent the President from appointing Officers with "no other merit than that of . . . possessing the necessary insignificance and pliancy to render them the obsequious instruments of his pleasure," *The Federalist No. 76*, at 458 (Alexander Hamilton) (Clinton Rossiter ed., 1961). The Framers regarded the advice-and-consent requirement as "an excellent check upon a spirit of favoritism in the President" that "would tend greatly to prevent the appointment of unfit characters from State prejudice, from family connection, [and] from personal attachment." *Id.* at 457.

---

[10] *See* Carol D. Leonnig, Rosalind S. Helderman, & Robert O'Harrow Jr., *Before He Led the Justice Department, Matthew G. Whitaker Promoted Company Accused of Deceiving Clients*, Wash. Post (Nov. 8, 2018), https://www.washingtonpost.com/politics/before-he-led-the-justice-department-matthew-g-whitaker-promoted-company-accused-of-deceiving-clients/2018/11/08/f46e6db8-e380-11e8-ab2c-b31dcd53ca6b_story.html?utm_term=.2a742e718b0d; Mark Maremont & James V. Grimaldi, *FBI Is Investigating Florida Company Where Whitaker Was Advisory-Board Member*, Wall St. J. (Nov. 9, 2018), https://www.wsj.com/articles/fbi-is-investigating-florida-company-where-whitaker-was-advisory-board-member-1541799564.

[11] *See* Murray Waas, *Exclusive: Trump Loyalist Matthew Whitaker Was Counseling the White House on Investigating Clinton*, Vox (Nov. 9, 2018), https://www.vox.com/policy-and-politics/2018/11/9/18080656/matthew-whitaker-trump-hillary-clinton-sessions-attorney-general.

B.      **Plaintiffs' Injuries**

31.      As Acting Attorney General, Mr. Whitaker would serve as one of the highest-ranking Officers within the executive branch. He would be vested with the law enforcement authority of the United States. He would have vast ability to shape whether and how the laws enacted by Congress are enforced and the money appropriated by Congress is spent. He also would have a critical role in upholding the Constitution of the United States and ensuring equal justice under the law for all Americans. *See* U.S. Dep't of Justice, *About DOJ*, https://www.justice.gov/about ("Thomas Jefferson wrote, 'The most sacred of the duties of government [is] to do equal and impartial justice to all its citizens.' This sacred duty remains the guiding principle for the women and men of the U.S. Department of Justice."). And unless and until he recuses himself, Mr. Whitaker would have supervisory power over at least two federal investigations related to the President.

32.      By designating Mr. Whitaker to perform the functions and duties of the Attorney General without having been subject to Senate confirmation, President Trump has unlawfully denied the Plaintiffs their right, as sitting U.S. Senators, to vote on whether to consent to his appointment to that role.

33.      Unlawfully denying legislators their right to cast an effective vote robs them of one of their core powers and responsibilities. For that reason, the Supreme Court has long recognized that legislators whose votes "have been completely nullified" by unlawful executive action "'have a plain, direct and adequate interest in maintaining the effectiveness of their votes,'" *Raines v. Byrd*, 521 U.S. 811, 823 (1997) (quoting *Coleman v. Miller*, 307 U.S. 433, 438 (1939)), and may seek judicial redress to "have their votes given effect," *Coleman*, 307 U.S. at 438; *see Cummings v. Murphy*, 321 F. Supp. 3d 92, 105 (D.D.C. 2018) ("Complete vote nullification is clearly a type

of an institutional injury sufficient to support legislator standing." (citing *Raines*, 521 U.S. at 826,

829)). Vote nullification occurs where a previously cast vote is unlawfully disregarded and where,

as here, the opportunity to cast a vote is unlawfully denied. *Ariz. State Legislature v. Ariz. Indep.*

*Redistricting Comm'n*, 135 S. Ct. 2652, 2665 (2015) (recognizing standing where legislature

challenged ballot measure that would "completely nullify any vote by the Legislature, now or in

the future" on a particular subject (brackets and quotation marks omitted)); *Blumenthal v. Trump*,

No. 17-1154, 2018 WL 4681001 (D.D.C. Sept. 28, 2018) (recognizing standing where members

of Congress alleged denial of their constitutional prerogative to vote on whether to consent to the

President's acceptance of foreign emoluments); *cf. Raines*, 521 U.S. at 824 (rejecting standing

where plaintiffs could not "allege that the [challenged] Act will nullify their votes in the future").

34.     Plaintiffs thus have "a plain, direct and adequate interest in maintaining the

effectiveness of their votes," *Coleman*, 307 U.S. at 438, on whether or not consent should be given

to Mr. Whitaker's designation as Acting Attorney General.

## COUNT I

**Violation of the Appointments Clause of the United States Constitution,
Art. II, § 2, cl. 2
(Declaratory Relief)**

35.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this

Complaint as if fully set forth herein.

36.     There is an actual controversy between Plaintiffs and Defendants as to whether

Defendants are violating the Appointments Clause, which provides that the President "shall

nominate, and by and with the Advice and Consent of the Senate, shall appoint . . . all other Officers

of the United States, whose Appointments are not herein otherwise provided for, and which shall

be established by Law." U.S. Const. art II, § 2, cl. 2. Specifically, Plaintiffs allege that Defendants

are violating the Appointments Clause by virtue of Mr. Whitaker's performing the functions and

duties of the office of Attorney General without having been subject to the advice and consent of the Senate for that position or, indeed, any position in the federal government.

37.     Plaintiffs are entitled to declaratory relief under 28 U.S.C. § 2201. A declaration resolving the actual controversy between Plaintiffs and Defendants will aid in the resolution of legal issues in this action. Without this relief, Plaintiffs will continue to suffer injury in their institutional roles as members of Congress.

## COUNT II

### Violation of the Appointments Clause of the United States Constitution,
### Art. II, § 2, cl. 2
### (Injunctive Relief)

38.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

39.     Defendant Donald J. Trump is the President of the United States, and Defendant Matthew G. Whitaker is performing the functions and duties of Attorney General of the United States—a principal Officer under the U.S. Constitution.

40.     Defendant Whitaker has not been confirmed to serve as a principal Officer of the United States or to serve in any other position requiring the advice and consent of the Senate.

41.     By designating Defendant Whitaker to perform the functions and duties of the office of Attorney General even though the Senate has not consented to his serving in that role or, indeed, in any position in the federal government, Defendant Trump has denied each Plaintiff the opportunity to cast a binding vote on whether to consent to Defendant Whitaker's serving as a principal Officer.

42.     By performing the functions and duties of the office of Attorney General, in violation of the Appointments Clause, Defendant Whitaker has denied each Plaintiff the opportunity to cast a binding vote on whether to consent to his serving as a principal Officer.

43.     Plaintiffs are entitled to injunctive relief to stop the above-mentioned injury, and this Court has the power to grant such relief pursuant to its inherent ability to grant equitable relief and pursuant to 28 U.S.C. § 1331. Such relief would order Defendant Whitaker not to perform the functions and duties of the office of Attorney General.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment in Plaintiffs' favor and against Defendants, consisting of:

a)  A declaratory judgment stating that:

    (1)     Defendant Whitaker is performing the functions and duties of a principal Officer of the United States; and

    (2)     Defendants are therefore violating the Appointments Clause;

b)  Injunctive relief, enjoining Defendant Whitaker from performing the functions and duties of the office of Attorney General of the United States; and

c)  Such other and further relief as this Court may deem just and proper.

Dated: November 19, 2018

By: /s/ *Anne Tindall*     By: /s/ *Brianne J. Gorod*
  Anne Tindall       Brianne J. Gorod

Anne Tindall (D.C. Bar No. 494607)   Elizabeth B. Wydra (D.C. Bar. No. 483298)
Justin Florence (D.C. Bar No. 988953)  Brianne J. Gorod (D.C. Bar No. 982075)
Cameron Kistler (D.C. Bar No. 1008922) Brian R. Frazelle (D.C. Bar No. 1014116)
THE PROTECT DEMOCRACY PROJECT  CONSTITUTIONAL ACCOUNTABILITY CENTER
2020 Pennsylvania Ave. NW, #163   1200 18th Street, NW, Suite 501
Washington, DC 20006      Washington, DC 20036
(202) 856-9191        (202) 296-6889

Ben Berwick (D.D.C. Bar No. MA0004)  elizabeth@theusconstitution.org
THE PROTECT DEMOCRACY PROJECT  brianne@theusconstitution.org
10 Ware St.         brian@theusconstitution.org
Cambridge, MA 02138
(202) 856-9191

Anne.Tindall@protectdemocracy.org
Justin.Florence@protectdemocracy.org
Cameron.Kistler@protectdemocracy.org
Ben.Berwick@protectdemocracy.org