IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Senator RICHARD BLUMENTHAL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW G. WHITAKER, *et al.*, <br><br> Defendants. | Civil Action No. 18-2664 (RDM) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR
A STAY OF TIME TO ANSWER THE COMPLAINT**

Plaintiffs respectfully submit this opposition to Defendants' motion for a stay of time to answer the Complaint. As described in greater detail in the Complaint, Plaintiffs bring this action to challenge the unlawful designation of Matthew Whitaker to perform the duties of Attorney General. Because Mr. Whitaker has not been confirmed by the Senate to serve as Attorney General or, indeed, in any position in the Department of Justice (DOJ), this designation violates the Appointments Clause, which provides that the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint . . . all . . . Officers of the United States." U.S. Const. art. II, § 2, cl. 2. Staying Defendants' time to answer would unnecessarily delay this Court's ability to adjudicate the important questions presented by this case and would potentially prolong the duration of Mr. Whitaker's unlawful service as Acting Attorney General. The Administration should not be permitted to use a government shutdown of its own making to delay or avoid judicial review of its ongoing violation of the Constitution.

Moreover, should the Court deny this request for a stay, the DOJ's own policies will permit attorneys to continue working on this case during the current lapse of appropriations,

so Defendants will not be prejudiced by the denial of their request.  *See* U.S. Department of Justice, *FY 2019 Contingency Plan*, at 3 (Sept. 11, 2018) ("DOJ Contingency Plan"), https://www.justice.gov/jmd/page/file/1015676/download ("If a court denies [a request for postponement] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue.").  Indeed, those policies reflect the Department's recognition that a lapse in appropriations should not prevent the continuation of cases, like this one, that are of exceptional importance.  For those reasons, Defendants' motion to stay the time to answer the Complaint should be denied.

## DISCUSSION

Plaintiffs bring this action to challenge the designation of Mr. Whitaker to perform the duties of Attorney General.  As described in the Complaint, Mr. Whitaker has not been appointed in a manner consistent with the requirements of the Appointments Clause, which gives the Senate an essential role in determining who serves in the executive branch's most important positions.  The Framers gave the Senate this role because they believed that the concurrence of the Senate in the appointment of the nation's principal officers "would tend greatly to prevent the appointment of unfit characters," *The Federalist No. 76*, at 457 (Alexander Hamilton) (Clinton Rossiter ed., 1961)—those with "no other merit than that of . . . possessing the necessary insignificance and pliancy to render them the obsequious instruments of [the President's] pleasure," *id.* at 458; *see* Letter from Roger Sherman to John Adams (July 20, 1789), https://founders.archives.gov/documents/Adams/99-02-02-0689 ("Where ever the chief Magistrate may appoint to offices without control, his government may become absolute or at least oppressive.  Therefore the concurrence of the Senate is made requisite by our Constitution.").

Granting Defendants' motion for a stay would delay this Court's resolution of the critically

important questions this case presents, extending the period of time in which Mr. Whitaker is allowed to serve unlawfully as Acting Attorney General.  During that period, he may make innumerable decisions on behalf of the United States and within the DOJ—many of which will be incapable of being reversed after the fact.[1]  Given the gravity of the potential consequences of delay, the prejudice to Plaintiffs' interests is reason enough to deny the Defendants' motion for a stay, and this case should proceed as expeditiously as possible.

In addition, federal law permits DOJ attorneys to work during a lapse of appropriations in certain circumstances.  *See* 31 U.S.C. § 1342.  And the Department has construed that exception to include situations in which a court denies a request for a stay of proceedings like the motion filed here.  *See* DOJ Contingency Plan at 3.  The Department has also designated 49% of Civil Division staff as "excepted employees," who are "excepted from the Antideficiency Act restrictions and can continue [to work] during a lapse in appropriations." *Id.* at 1, 12 tbl.2.  Thus, Defendants would not be prejudiced by the denial of this motion, whereas granting the motion would prejudice Plaintiffs.  Indeed, the Department's guidance reflects its recognition that litigation should continue in cases, like this one, that are of exceptional significance.  This case presents questions about whether the person currently serving as acting head of the Department of Justice may lawfully perform the functions and duties of that office, and the resolution of those

---

[1] To be sure, formal decisions Mr. Whitaker makes as Acting Attorney General may become subject to invalidation if they are not ratified by a Senate-confirmed successor.  *See Wilkes-Barre Hosp. Co., LLC v. NLRB*, 857 F.3d 364, 371 (D.C. Cir. 2017).  Nevertheless, as a practical matter, the steps taken to implement those decisions, the passage of time, and the intervention of subsequent events will render many of his decisions effectively irrevocable.  In addition, many of Mr. Whitaker's informal actions as Acting Attorney General—including the guidance and direction he provides to DOJ personnel—may not be amenable to reversal in court at the behest of interested parties, notwithstanding their significant effects.  Simply put, it will be impossible to un-ring the bell for many actions that Mr. Whitaker takes during his unlawful tenure as Acting Attorney General.

questions could have profound consequences not only for the parties, but also for the American people.

No doubt for these reasons, other courts have denied similar DOJ motions to stay proceedings during this lapse in appropriations. *See, e.g.*, *Kornitzky Group, LLC v. Elwell*, No. 18-1160 (D.C. Cir. Jan. 9, 2019) (denying motion for stay of oral argument and citing the DOJ's contingency plan and 31 U.S.C. § 1342 to confirm that the Department has the authority to conduct the argument); Order at 1, *Maryland v. United States*, No. 18-2849 (D. Md. Jan. 3, 2019) (Dkt. No. 49) (denying motion to stay in light of the "potential significance of this matter to the health and well-being of the citizens of Maryland"); Order at 2, *New York v. U.S. Dep't of Labor*, No. 18-1747 (D.D.C. Dec. 28, 2018) (Dkt. No. 71) (denying motion to stay filing of joint appendix in light of "government reports stating that a significant percentage of Civil Division staff are excepted from the ongoing lapse in appropriations" and "the exceptional significance of this litigation for all involved"); Order, *California v. Ross*, No. 18-1865 (N.D. Cal. Dec. 26, 2018) (Dkt. No. 122) (denying motion to stay pretrial deadlines, pretrial conference, and trial due to lapse in appropriations); Order, *California v. Health and Human Servs.*, No. 17-5783 (N.D. Cal. Dec. 27, 2018) (Dkt. No. 183) (denying motion to stay due to lapse in appropriations). This Court should do the same.

## CONCLUSION

For the foregoing reasons, Defendants' motion to stay the time to answer the Complaint should be denied.

Respectfully submitted,

By: /s/ *Anne Tindall*
    Anne Tindall

Anne Tindall (D.C. Bar No. 494607)
Justin Florence (D.C. Bar No. 988953)
Cameron Kistler (D.C. Bar No. 1008922)
THE PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, #163
Washington, DC 20006
(202) 579-4582

Ben Berwick (D.D.C. Bar No. MA0004)
THE PROTECT DEMOCRACY PROJECT
10 Ware St.
Cambridge, MA 02138
(202) 579-4582

Anne.Tindall@protectdemocracy.org
Justin.Florence@protectdemocracy.org
Cameron.Kistler@protectdemocracy.org
Ben.Berwick@protectdemocracy.org

Dated: January 11, 2019

By: /s/ *Brianne J. Gorod*
    Brianne J. Gorod

Elizabeth B. Wydra (D.C. Bar. No. 483298)
Brianne J. Gorod (D.C. Bar No. 982075)
Brian R. Frazelle (D.C. Bar No. 1014116)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th St. NW, Suite 501
Washington, DC 20036
(202) 296-6889

elizabeth@theusconstitution.org
brianne@theusconstitution.org
brian@theusconstitution.org

## CERTIFICATE OF SERVICE

      I hereby certify that on January 11, 2019, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated: January 11, 2019                        Respectfully submitted,

                                               /s/ *Brianne J. Gorod*
                                               Brianne J. Gorod