# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Senator RICHARD BLUMENTHAL, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MATTHEW G. WHITAKER, in his official capacity, *et al.*,<br><br>*Defendants*. | No. 1:18-cv-02664 |

### DEFENDANTS' REPLY IN SUPPORT THEIR MOTION FOR A STAY OF PROCEEDINGS IN LIGHT OF LAPSE OF APPROPRIATIONS OR, IN THE ALTERNATIVE, REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO COMPLAINT

This Court should stay proceedings in this case, as it has done in *Michaels v. Whitaker*, a case that similarly challenges the constitutionality of the designation of Acting Attorney General Mathew G. Whitaker. *See Michaels v. Whitaker*, 18-cv-2906, Order of Jan. 7, 2019, (denying motion to lift stay). As the Court is aware, the appropriation funding the Department of Justice ("DOJ") lapsed on December 21, 2018, and DOJ attorneys are prohibited from working except in very limited circumstances, such as "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. This case presents no such emergencies, beyond an apparent desire by Plaintiffs to obtain an advisory opinion from this Court on whether Mr. Whitaker's designation as Acting Attorney General required Senate confirmation under the Appointments Clause of the Constitution, U.S. Const. art. II, § 2, cl. 2. Even if the alleged injury to Plaintiffs' institutional interests as Senators is cognizable in an Article III court—which

1

Defendants' planned motion to dismiss will demonstrate that it is not, *see Raines v. Byrd*, 521 U.S. 881 (1997)—Plaintiffs have identified no imminent harm that would befall them by a temporary stay of this case. For these reasons, this Court should stay this case pending restoration of appropriations to DOJ. Alternatively, if this Court declines to issue a stay, then Defendants respectfully request an extension of three weeks, from the current deadline of January 25, 2019 to February 15, to respond to the Complaint.

## DISCUSSION

In the Anti-Deficiency Act, Congress issued an explicit directive barring employees of the United States, including the undersigned, from working absent appropriations, even on a voluntary basis, except in "*emergencies* involving the safety of human life or the protection of property." 31 U.S.C. § 1342 (emphasis added). Congress made clear that this narrow exception does not include "ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id*. Consistent with these directives, DOJ's FY 2019 Contingency Plan for the Civil Division states that:

> Civil litigation will be curtailed or postponed to the extent that this can be done without compromising to a significant degree the safety of human life or the protection of property. Litigators will continue to approach the courts and request that active cases, except for those in which postponement would compromise to a significant degree the safety of human life or the protection of property, be postponed until funding is available.

*Id*.

Although Plaintiffs are correct that DOJ's guidance about the lapse in funding provides that attorneys will comply with a court order requiring a case to continue, this Court should issue a stay, consistent with, and out of respect for, Congress's instruction in the Anti-Deficiency Act and the lapse of appropriations. *See Kornitzky Group, LLC v. Elwell,* No. 18-1160 (D.C. Cir. Jan. 9, 2019) (Randolph, J., dissenting) ("A court order requiring or authorizing a government

attorney's presence [at oral argument despite the lapse in appropriations] may immunize the attorney from the sanctions for violating [the Anti-Deficiency Act]. *See* 31 U.S.C. § 1349. But it does not relieve the court from its responsibility to comply with the [Act]."); *id.* (quoting with approval DOJ Office of Legal Counsel's opinion that "the emergencies exception [in the Act] applies only to cases of threat to human life or property where the threat can be reasonably said to be near at hand and demanding of immediate response," *Government Operations in the Event of A Lapse in Appropriations*, 1995 WL 17216091, at *7 (O.L.C. 1995)).

This case present no emergencies of the type that would warrant continued litigation when funding to DOJ has lapsed. Plaintiffs have not alleged that imminent harm would befall them if the case were stayed; in fact, they have not sought any emergency injunctive relief in this case. At most they claim that granting a stay "would prejudice [them]," Pls.' Opp to Defs.' Mot. for A Stay, ECF No. 14, at 3, but they do not explain how that is so. Instead, they simply cite the alleged "exceptional importance" of the constitutional issue raised in this case, *id.* at 2, and the fact that Mr. Whitaker's alleged illegal designation would be extended by the period of the stay. But that is just another way of describing the unremarkable fact that a stay often will delay resolution of legal challenges in a case.[1] And to the extent Plaintiffs also seek to rely on the alleged "profound consequences" resolution of this case "could have . . . for the American people," *id.* at 3-4, such a generalized interest shared by all members of the public is insufficient to overcome Congress's clear directive in the Anti-Deficiency Act.

---

[1] If anything, a stay possibly may obviate the need for this Court to address the constitutional question raised in this case. The President has nominated a candidate to fill the position of Attorney General, and confirmation of that candidate would provide complete relief to Plaintiffs' request that Mr. Whitaker be enjoined "from performing the functions and duties of the office of Attorney General of the United States." Compl., ECF No. 1, at 16, Prayer for Relief.

The equities decidedly tip in favor of a stay. Not only are there no emergencies or imminent harms that would require this case to proceed despite the lapse in appropriations to DOJ, but Plaintiffs are themselves members of Congress, which enacted the Anti-Deficiency Act pursuant its power under the Appropriations Clause of the Constitution, U.S. Const. art. I, § 9, cl. 7. Plaintiffs, therefore, should not be heard to complain about a stay that undersigned counsel is required to seek under the Anti-Deficiency Act.

For these reasons, consistent with the principles underlying the Anti-Deficiency Act, Defendants respectfully request that the Court stay proceedings in this case until DOJ attorneys are permitted to resume their usual civil litigation functions. Alternatively, if the Court declines to issue a stay, Defendants respectfully request a three-week extension, from the current deadline of January 25, 2019 to February 15, 2019, to respond to the Complaint.

Dated: January 18, 2019   Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

HASHIM M. MOOPPAN
BRETT A. SHUMATE
Deputy Assistant Attorneys General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director

/s/ *Jean Lin*
JEAN LIN
Special Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-3716
Fax: (202) 616-8202
Email: jean.lin@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on January 18, 2019, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ *Jean Lin*</u>
JEAN LIN